WHEELER *v.* DALEHITE.

(Division B. Jan. 22, 1940.)

[193 So. 5. No. 34003.]

**R. F. B. Logan**, of Hernando, for appellant.

Holmes & Bowdre, of Hernando, for appellees.

Argued orally by **R. F. B. Logan**, for appellant, and by **F. C. Holmes**, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a decree construing the will and codicil of J. C. Moore, deceased, which will reads as follows:

"I give and bequeath my estate, both personal and real, as follows:

"I give and bequeath to my wife, Susan Moore, my home situated in Tate County, Mississippi, and all contents of said home; land and appurtenances thereto during her lifetime, and at her death to be sold and divided equally between my four daughters and my grand-son Leonard Wheeler.

"I also give and bequeath to my wife, Susan Moore, Two thousand and no/100—Dollars in cash.

"I also give and bequeath 124½ acres of land situated in DeSoto County, Mississippi—to my four daughters and grand-son, Leonard Wheeler. This land to be sold and divided equally between them.

"After all my debts are paid I give and bequeath the residue of my estate, consisting of cash and securities divided equally—between my four daughters, and grandson, Leonard Wheeler.

"I appoint as Executor, R. A. Dalehite, and my wife, Susan Moore, without bond.

"This the 28th day of Sept. 1929.

"(Signed)      J. C. Moore."

"Witnesses:

"E. B. Mosby

"J. L. Christy

The will was also acknowledged before a notary public.

Thereafter, on November 14, 1932, the following codicil was added to the will and duly witnessed, which codicil reads as follows:

"It is my will that the attached will made by me Sept. 24—1929 is to be carried out, except one change, and this change is to the effect, that Leonard Wheeler my

grand son is to receive only half of what each of my daughters Mattie, Mildred, Katie and Floy receive from my estate.

"(Signed) J. C. Moore."

"Witness

"S. D. Wooten

"E. C. Turley.

The question for determination here is what interest the appellant, Leonard Wheeler, a grandson of the testator, took under the will. On the final hearing, the chancellor held that the will and codicil were not ambiguous, excluding the testimony of appellant that had been taken on the hearing, and that the appellant took only a half interest of a daughter under the will. In the original will, Wheeler and the several daughters took an equal interest. Prior to the construction of the will by the chancellor, the wife of the testator, J. C. Moore, died, and the land given to the wife during her lifetime, in accordance with the will and codicil thereto, became subject to division among the daughters and the grandson.

We think the chancellor's finding is correct in the construction of the will and codicil, and that Leonard Wheeler, the grandson, is entitled, under the will and codicil, to only one-half of the amount that one of the daughters inherited; and we think that the language of the codicil "that Leonard Wheeler my grandson is to receive only half of what each of my daughters Mattie, Mildred, Katie and Floy receive from my estate", clearly means that the grandson was to receive one-half of the interest he would have originally received under the will without the codicil.

The proof taken by the chancellor on the hearing, which was excluded, fully sustained the purpose of the testator in leaving this amount to his grandson, and we think the language used in the will and codicil is so plain as not to need testimony to show what the testator meant.

The decree of the court below will be affirmed.

Affirmed.